IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RITA DILORETO**, Administratrix of the Estate of Sandra N. Maddamma 7507 Virginia Avenue Parma, OH 44129 | CASE NO. _____ JUDGE _____ |
| Plaintiff, | **C O M P L A I N T** |
| vs. | **(Jury Demand Endorsed Hereon)** |
| **AREA STORAGE & TRANSFER, INC.** c/o Its Statutory Agent John Mueller 5445 Southwyck Blvd., STE. 210 Toledo, OH 43614 | |
| and | |
| **PENSKE TRUCK LEASING CO., L.P.** c/o Its Statutory Agent CSC-Lawyers Incorporating Service Corporation Service Company 50 W. Broad St. Suite 1800 Columbus, OH 43215 | |
| Defendants. | |

Now comes plaintiff Rita DiLoreto, Administratrix of the Estate of Sandra N. Maddamma, deceased, by and through her attorneys, and for her Complaint states as follows:

1

**THE PARTIES**

1. Plaintiff Rita DiLoreto is a citizen and resident of the State of Ohio and is the duly appointed, qualified, and acting Administratrix of the Estate of Sandra N. Maddamma, deceased.

2. Defendant Area Storage & Transfer, Inc. (hereinafter referred to as "AST") is a foreign corporation headquartered in the State of Pennsylvania doing business as a nationwide interstate motor carrier and is subject to the jurisdiction of this Judicial Court with this defendant doing substantial business and deriving substantial revenue in the State of Ohio.

3. Defendant Penske Truck Leasing Co., L.P. (hereinafter referred to as "Penske") is foreign limited partnership headquartered in the State of Pennsylvania doing business as a nationwide interstate motor carrier, registered and licensed to do business in and under the laws of the State of Ohio doing substantial business and deriving substantial revenue in the State of Ohio.

**JURISDICTION AND VENUE**

4. This Honorable Court has jurisdiction with respect to the claims set forth herein pursuant to 28 U.S.C. § 1332, in that diversity exists between the parties and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Court as the collision at issue in this action occurred on Interstate Route 71 at or near milepost 231 which was and is a duly dedicated, accepted, and traveled public roadway in the City of Middleburg Heights, County of Cuyahoga, State of Ohio, and within the jurisdiction of this Honorable Court.  Further, for these reasons, this Honorable Court has *in personam* jurisdiction as to said defendants.

6. Venue is proper as to this District and Division under 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District and Division.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

7. The preceding paragraphs are hereby realleged as if fully restated herein.

8. On or about February 5, 2015, Richard Radigan was operating a commercial motor vehicle northbound on Interstate Route 71, Cuyahoga County, Middleburg Heights, Ohio when he failed to stop within the assured clear distance ahead, causing his commercial motor vehicle to collide with Sandra N. Maddamma's motor vehicle, causing plaintiff's decedent to suffer catastrophic injuries resulting in her death.

9. Among other things, Richard Radigan negligently failed to:

    a. perform the required pre-trip, during-trip and post-trip vehicle inspection;

    b. inspect the air brake system and components for the subject commercial motor vehicle;

    c. manage space around his vehicle;

    d. follow pavement markers;

    e. drive within a safe speed limit;

    f. keep a proper lookout;

    g. reasonably judge the closeness of plaintiff's decedent's vehicle;

    h. keep at a safe following distance;

    i. maintain an assured clear distance ahead;

  j. maintain reasonable and safe control of the commercial vehicle he was driving;

  k. remain reasonably alert;

  l. drive without distraction;

  m. drive in compliance with the required hours-of-service;

  n. drive while not fatigued;

  o. drive while medically, physically and mentally fit; and,

  p. comply with the minimum safety standards required by the Federal Motor Carrier Safety Regulations.

10. Richard Radigan was negligent in the care, management and/or operation of the subject commercial motor vehicle as well.

11. At all times relevant, Richard Radigan was an agent and/or employee of defendant, AST, and was acting in the course and scope of his agency and/or employment with AST, who is responsible for the conduct of Richard Radigan under principles of *respondeat superior*.

12. At all times relevant, the commercial motor vehicle described herein was operating under U.S. DOT# 358803 registered to defendant, AST, who is therefore responsible for the conduct of the driver, Richard Radigan, as a matter of law.

13. Irrespective of the employment/contractual relationship, AST is a motor carrier subject to Federal Motor Carrier Safety Administration (FMCSA) Regulations and State Regulations and is therefore responsible for the acts of the driver, Richard Radigan.

14. In addition, Richard Radigan was not competent and/or legal to operate the subject

commercial motor vehicle, which incompetence and/or illegality was known or should have been known by defendant AST and/or its agents. As a consequence, AST and/or its agents, were negligent in entrusting the commercial motor vehicle to Richard Radigan, which negligence was a direct and proximate cause of the injuries and damages sustained by plaintiff's decedent.

15. At all times pertinent hereto, the subject commercial vehicle and its related safety equipment was leased to defendant AST by defendant Penske subject to an agreement requiring Penske to provide vehicle maintenance, repair, upkeep, and periodic safety inspections of the subject commercial motor vehicle and its related safety equipment.

16. Plaintiff further states that both defendants, AST and Penske, by and through their employees, agents, and/or representatives, were negligent with respect to vehicle maintenance, inspection, repair, and/or failing to equip the subject commercial motor vehicle with safety equipment that likely would have prevented the within accident. As a direct and proximate result of such negligence, the commercial motor vehicle struck the rear of plaintiff's decedent's vehicle.

17. Plaintiff further states that defendant AST was negligent in hiring, training, supervising, dispatching, route management, route planning, and/or retaining Richard Radigan as a commercial motor vehicle driver, which resulted in creating a danger and hazard to the traveling public and anyone using public roadways.

18. As a direct and proximate result of the defendants' negligence and the negligence of AST's employee, Richard Radigan, plaintiff's decedent was caused to suffer catastrophic injuries resulting in her death.

19. As a direct and proximate result of the defendants' negligence and the negligence

...
...

of AST's employee, Richard Radigan, plaintiff's decedent was caused to suffer pain, fright, physical and emotional injuries, including shock and pre-death terror prior to her death.

20. Plaintiff further states that as a direct and proximate result of the defendants' negligence and the negligence of AST's employee, Richard Radigan, plaintiff's decedent incurred hospital and medical expenses prior to her death in an amount to be proven at trial.

21. As a further direct and proximate result of the above mentioned acts of negligence on the part of defendants and Richard Radigan, plaintiff's decedent also sustained damage to personal property contained within her vehicle and to her vehicle, the value of which will be proven at the time of trial. In addition, plaintiff's decedent's vehicle was declared a total loss.

WHEREFORE, plaintiff Rita DiLoreto, Administratrix of the Estate of Sandra N. Maddamma, prays for judgment against the defendants, Area Storage & Transfer, Inc. and Penske Truck Leasing Co., L.P., jointly and/or severally, individually and/or collectively, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, and such other and further relief as this Court deems just and equitable.

## SURVIVAL CLAIM AS TO ALL DEFENDANTS

22. The preceding paragraphs are hereby realleged as if fully restated herein.

23. Prior to her death, plaintiff's decedent, Sandra N. Maddamma, sustained physical and mental pain and anguish, and suffering in contemplation of her impeding death, along with property damage and loss, and by reason thereof, her Estate is entitled to compensatory damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Rita DiLoreto, Administratrix of the Estate of Sandra N. Maddamma,

deceased, prays for judgment against the defendants, Area Storage & Transfer, Inc., and Penske Truck Leasing Co., L.P., jointly and/or severally, individually and/or collectively in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) which will fully, fairly, and justly compensate the estate, together with interest and costs incurred herein.

**WRONGFUL DEATH CLAIM AS TO ALL DEFENDANTS**

24. The preceding paragraphs are hereby realleged as if fully restated herein.

25. As a result of Sandra N. Maddamma's untimely and tragic death, her beneficiaries at law have sustained damages that include, but are not limited to:

    a. Loss of love;

    b. Loss of care;

    c. Loss of comfort;

    d. Loss of companionship;

    e. Loss of consortium;

    f. Loss of guidance;

    g. Loss of tutelage;

    h. Loss of inheritance;

    i. Loss of net accumulations;

    j. Loss of life's pleasures;

    k. Loss of support;

    l. Loss of earnings;

    m. Loss of society;

n. Loss of affection;

o. Loss of solace;

p. Loss of moral guidance;

q: Loss of counsel;

r. Loss of moral support;

s. Loss of protection;

t. Loss of familial care; and,

u. Loss of advice.

26. By reason of the wrongful acts alleged herein, the plaintiff and the heirs and next of kin of Sandra N. Maddamma, deceased, have sustained losses for which they are entitled to recover damages in wrongful death, and further, Sandra N. Maddamma's heirs and next of kin have sustained mental anguish, grief, torment, and distress, and have incurred funeral expenses, for all of which they are entitled to recover damages under Ohio's Wrongful Death Statute.

WHEREFORE, Plaintiff Rita DiLoreto, Administratrix of the Estate of Sandra N. Maddamma, deceased, prays for judgment against the defendants, Area Storage & Transfer, Inc. and Penske Truck Leasing Co., L.P., jointly and/or severally, individually and/or collectively, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) which will fully, fairly, and justly compensate decedent's surviving beneficiaries, together with interest and the costs incurred herein.

**CLAIM FOR PUNITIVE DAMAGES AS TO DEFENDANT AREA STORAGE & TRANSFER, INC.**

27. The preceding paragraphs are hereby realleged as if fully restated herein.

28. Defendant AST knowingly placed a dangerous commercial motor vehicle on the

public roadways when it knew that the vehicle had been found in violation of State and Federal Rules and Regulations and would likely be declared legally out of service.

29. Richard Radigan's conduct in operating the commercial motor vehicle and the conduct of defendant, AST, in hiring, training, retaining, dispatching, entrusting and/or supervising the driver, Richard Radigan, constituted willful and/or reckless misconduct, a reckless disregard for the rights and safety of others and a willful indifference, thereby raising the presumption of conscious indifference for the rights and safety of the motoring public, including plaintiff's decedent.

30. Defendant AST had actual or constructive knowledge of facts, or intentionally avoided learning facts or recklessly disregarded facts that the subject commercial motor vehicle was an out-of-service truck as defined by the Federal Motor Carrier Safety Administration, specifically but not limited to the fact that defendant, AST, knew that the commercial motor vehicle was being operated in violation of 49 CFR §395.8.

31. Defendant AST had actual or constructive knowledge of facts, or intentionally avoided learning facts or recklessly disregarded facts that its company drivers had patterns of unsafe driving behavior, patterns of hours-of-service violations, and questionable driver fitness, including but not limited to the driver, Richard Radigan.

32. Because defendant AST's tortious acts and/or omissions were so gross and culpable in nature, such acts and omissions constitute a willful and wanton disregard for the rights and safety of others. Specifically, the acts/omissions constitute a complete disregard for the rights and safety of the motoring public, including plaintiff's decedent.

33. The aforementioned conduct of defendant AST was in the conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm. Further, defendant AST acted with actual malice toward the traveling public, including the plaintiff's decedent.

34. As a result of the foregoing, the Estate of Sandra N. Maddamma, deceased is entitled to recover punitive damages as a result of defendant AST's willful and wanton tortious acts and/or omissions so as to deter defendant and its drivers from committing the same or similar misconduct which endangers the general safety of the public, including the plaintiff's decedent.

WHEREFORE, Plaintiff Rita DiLoreto, Administratrix of the Estate of Sandra N. Maddamma, deceased prays for judgment against the defendant, Area Storage & Transfer, Inc., for punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, attorney's fees, and such other and further relief as this Court deems just and equitable.

## CLAIM FOR RELIEF (SPOLIATION) AS TO ALL DEFENDANTS

35. The preceding paragraphs are hereby realleged as if fully restated herein.

36. Plaintiff claims that defendants AST and/or Penske, by and through their employees, representatives, and/or agents interfered with and/or destroyed evidence including, but not limited to, the removal of owners/operators manuals, electronic components, and other discoverable information from the semi tractor such that it was not available at the time of the vehicle inspection, under circumstances in which defendants knew there would be a probable lawsuit involving the plaintiff's decedent.

37.     Plaintiff further alleges that the defendants wilfully destroyed and/or interfered with said evidence for the purpose of disrupting the plaintiff's ability to prove her claims in the probable lawsuit and actually disrupted plaintiff's ability to prove claims in the probable lawsuit.

38.     The defendants' conduct regarding such evidence was a proximate cause of damage to plaintiff's decedent.

WHEREFORE, Plaintiff Rita DiLoreto, Administratrix of the Estate of Sandra N. Maddamma, deceased, prays for judgment against the defendants, Area Storage & Transfer, Inc. and Penske Truck Leasing Co., L.P., jointly and/or severally, individually and/or collectively, for compensatory and punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with interest, costs, and other relief deemed by this Honorable Court to be appropriate.

Respectfully submitted,

/s/ Andrew R. Young
Andrew R. Young, Esq. (0071543)
NURENBERG, PARIS, HELLER &
McCARTHY CO., L.P.A.
1370 Ontario Street, Suite 100
Cleveland, Ohio 44113
Phone: 216-621-2300
Fax: 216-771-2242
Ayoung@nphm.com
docket@nphm.com

Attorney for Plaintiff

**JURY DEMAND**

The Plaintiff hereby demands the maximum number of jurors permitted by law.

/s/ Andrew R. Young
Andrew R. Young, Esq. (0071543)
Nurenberg, Paris, Heller & McCarthy Co., L.P.A.

Attorney for Plaintiff