UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
RITA DILORETO,                                 :
                                               :    CASE NO. 1:15-cv-1371
        Plaintiff,                             :
                                               :
v.                                             :    OPINION AND ORDER
                                               :    [Resolving Doc. Nos. 20, 21]
AREA STORAGE & TRANSFER, INC.,                 :
et al.,                                        :
        Defendants.                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Rita Diloreto, administratrix of Sandra Maddamma's estate, sues Defendants Area Storage & Transfer, Inc. ("AST") and Penske Truck Leasing Company, L.P. ("Penske").[1] Plaintiff sues for damages Maddamma suffered when she was struck and killed on the highway by an AST truck driver. Penske leased the truck equipment to AST.

Defendant Penske seeks leave to file a crossclaim against AST and to file a third-party complaint against QBE North America Insurance Company ("QBE").[2] Defendant AST opposes.[3] For the following reasons, the Court **GRANTS** Defendant Penske's motion.

Under Federal Rule of Civil Procedure 13(g), "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim . . . . The crossclaim may include a

---

[1] Doc. 1.
[2] Doc. 20.
[3] Doc. 21.

Case No. 1:15-cv-1371
Gwin, J.

claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

Under Federal Rule of Civil Procedure 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."

With its motion for leave to file a crossclaim, Defendant Penske says that Defendant AST agreed to indemnify Penske for damages arising out of the AST lease.[4] Penske's lease to AST of the truck is part of the same transaction or occurrence as Plaintiff's original action because Plaintiff alleges that AST's driver was driving the leased Penske truck killed Maddamma . Penske alleges breach of contract and seeks indemnification from AST against Plaintiff's action under the terms of the lease.

In support of leave to file a third-party complaint, Penske alleges that QBE failed to defend and indemnify Penske following the accident. Penske says that AST bought insurance from QBE as required under the lease and that Penske is therefore entitled to coverage from QBE.

Defendant AST asks the Court to deny the motion because Penske filed the motion on November 25, several weeks after the October 2 pleading amendment deadline that this Court set

---

[4] The lease agreement reads, "**A. INDEMNIFICATION OF PENSKE**. CUSTOMER SHALL PROTECT, DEFEND, INDEMNIFY AND HOLD HARMLESS PENSKE . . . FROM ANY AND ALL CLAIMS, SUITS, COSTS, LOSSES, DAMAGES, EXPENSES (INCLUDING REASONABLE ATTORNEYS' FEES) AND LIABILITIES (EVEN IF PENSKE IS CLAIMED TO HAVE BEEN OR IS PROVEN TO BE NEGLIGENT) ARISING FROM . . . (6) CLAIMS ARISING OUT OF CUSTOMER'S NEGLIGENCE OR BREACH OF THIS RENTAL AGREEMENT; (7) PENSKE'S NEGLIGENCE; OR (8) CLAIMS WHICH ARISE OUT OF CUSTOMER'S MAINTENANCE, USE OR OPERATION OF THE VEHICLE." Doc. 20-1 at 7.

Case No. 1:15-cv-1371
Gwin, J.

at the case management conference.[5] The conference took place on October 2, 2015, the same day as the amendment cutoff deadline.[6]

The Court agrees that Penske filed the motion after the pleading amendment deadline. However, several factors favor allowing Penske to file its cross claim and third-party complaint. AST has been aware of these potential claims for several months. Trial in this case is scheduled for May 2016, so both AST and QBE will have several months to prepare the case. Finally, the Rules of Civil Procedure should be interpreted flexibly to allow for a just and efficient resolution to all of the potential claims in this case while avoiding multiple lawsuits on the same issue.[7] Granting Defendant Penske's motion will promote a just and efficient resolution of this case without much prejudice to AST and QBE.

The Court therefore **GRANTS** Defendant Penske's motion for leave to file a crossclaim against AST and a third-party complaint against QBE.


IT IS SO ORDERED.


Dated: December 9, 2015                        s/         *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[5] Doc. 13.
[6] Doc. 12.
[7] *FTW, LLC v. Inguran, LLC*, No. 1:13-CV-167, 2013 WL 4510323, at *4 (S.D. Ohio Aug. 23, 2013) (citing *LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969)).