UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------

RITA DILORETO,

                Plaintiff,

          vs.

AREA STORAGE & TRANSFER, INC.,
et al.,
                Defendants.

--------------------------------------------------------

CASE NO. 1:15-CV-1371

OPINION AND ORDER
[Resolving Doc. Nos. 62, 67]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this wrongful death case, Plaintiff Rita Diloreto seeks complete interrogatory answers and complete document production for requests served on Defendant Penske Truck Leasing Co., L.P. ("Penske").[1] Plaintiff also seeks sanctions for Penske's delay in responding to Plaintiff's discovery requests.[2] For the following reasons, this Court **GRANTS** in part and **DENIES** in part Plaintiff's motion to compel and **DENIES** Plaintiff's motion for sanctions.

### I. Background

Plaintiff Diloreto administers decedent Sandra Maddamma's estate. On February 5, 2015, Maddamma died after a truck that Defendant Penske leased to Defendant Area Storage & Transfer, Inc. ("AST") rear-ended Maddamma's car. AST employed the truck driver.  Plaintiff brings claims against AST under *respondeat superior* for Maddamma's death and against Penske for negligent maintenance and inspection of the truck.[3] In part, Plaintiff says that Penske's failure to install a collision warning system in the truck breached Penske's duty and would have prevented the collision.

---

[1] Doc. 62. Penske opposes. Doc. 70.
[2] Doc. 67. Penske opposes. Doc. 70.
[3] Doc. 1.

Case No. 15-cv-1371
Gwin, J.

On July 9, 2015, Plaintiff filed the original complaint.[4] On November 12, 2015, Plaintiff

served Penske with Plaintiff's first set of interrogatories and first request for production of

documents.[5] On January 19, 2016, Penske responded.[6]

On February 26, 2016, Plaintiff filed a motion to compel Penske to answer several of the

original interrogatories and requests for production.[7] Plaintiff argues that Defendant Penske's

responses to Plaintiff's interrogatories and requests for production are late, inadequate, and do

not allow Plaintiff to properly oppose Penske's February 15, 2016 motion for summary

judgment.[8] At a March 3, 2016, conference, the Court instructed Plaintiff to file a motion to

compel if Plaintiff believed Penske had not provided discovery to Plaintiff.[9] On March 4, 2016,

Plaintiff filed the motion for sanctions.[10]

On March 7, 2016, Penske filed an opposition to Plaintiff's motion to compel and

Plaintiff's motion for sanctions.[11]

## II. Discussion

Parties may obtain discovery as to any unprivileged matter relevant to any party's claim

or defense and proportional to the needs of the case.[12]

*Plaintiff's Interrogatories*

Plaintiff seeks "complete answers to Interrogatory Nos. 4, 5, 8, 11, 12, 20 and 23."[13]

Defendant Penske makes no additional argument other than its objections to these interrogatories

---

[4] Doc. 1.
[5] Doc. 62 at 2.
[6] Doc. 43. Plaintiff attaches a copy of Plaintiff's interrogatories and requests for production and Penske's answers. Doc. 62-2.
[7] Doc. 62.
[8] Doc. 57. *See* Fed. R. Civ. P. 56(d) (giving district courts authority to defer consideration of or deny a motion for summary judgment if the non-movant demonstrates the unavailability of essential facts).
[9] This Court instructed Plaintiff to file the motion during the parties' status conference. *See* Doc. 66.
[10] Doc. 67.
[11] Doc. 70.
[12] Fed. R. Civ. P. 26(b)(1).
[13] Doc. 62 at 11. *See* Doc. 62-2 at 2–6.

Case No. 15-cv-1371
Gwin, J.

as to why Plaintiff is not entitled to the discovery. Furthermore, this Court finds the subjects of these interrogatories to be relevant to Plaintiff's negligence claims against Penske. Therefore, this Court **GRANTS** Plaintiff's motion to compel as to the interrogatories without prejudice to Penske's ability to withhold privileged and work-product materials. Defendant will provide a listing of any information or materials withheld on privilege or work-product grounds.

*Plaintiff's Requests for Production*

Plaintiff also seeks "all documents responsive to Requests For Production Nos. 17, 18, 19, 20, 21, 22, 25, 31, 32, 33, 34, 46, 47, 48, and 49."[14] This Court finds that requests for production 18, 19, 20, 21, 22, 25 and 31 are relevant to Plaintiff's negligence claim. The Court **GRANTS** Plaintiff's motion as to these requests for production without prejudice to Penske's ability to withhold privileged and work-product materials.  Defendant will provide a listing of any information or materials withheld on privilege or work-product grounds.

Requests for production 17, 32, 33, 34 and 49 seek manuals related to the truck involved in the February 5, 2015 crash and items removed from the truck. In response, Penske says either that it does not have the requested materials or that the request is overboard, burdensome, and irrelevant. This Court finds these materials to be relevant to Plaintiff's negligence claims and **GRANTS** Plaintiff's motion to compel subject to the condition that Penske has possession of the materials.

Requests for production 46 and 47 seek all documents ever exchanged between Penske and AST and "all documents related to [Penske's] customer account with [AST]."[15] This Court finds that these requests are overbroad and therefore **DENIES** Plaintiff's motion to compel responses to requests 46 and 47.

---

[14] Doc. 62 at 11. *See* Doc. 62-2 at 11–16.
[15] Doc. 62-2 at 15.

Case No. 15-cv-1371
Gwin, J.

Request 48 seeks "a list of any and all employees and their job titles who worked at the Penske facility located [in] Northwood, OH . . ."[16] This request is overboard but contains some relevant information. The Court therefore **GRANTS** Plaintiff's motion to compel production 48 only as to Northwood, Ohio Penske employees who have a connection to the February 5, 2015, trucking accident or truck purchase. This Court **DENIES** the motion for the remainder of request 48.

### III. Conclusion

For the foregoing reasons, this Court **GRANTS** in part and **DENIES** in part Plaintiff's motion to compel and **DENIES** Plaintiff's motion for sanctions.


IT IS SO ORDERED.



Dated: March 9, 2016                                  s/          *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[16] *Id.*